# IN RE ROJAS.

## PROCEDIMIENTO por Desacato.

### No. 4.—Resuelto en noviembre 29, 1911.

DESACATO—CARTA DIRIGIDA AL TRIBUNAL SUPREMO.—Comete desacato aquel que sin ser parte en un procedimiento, dirige un escrito a la Corte Suprema tratando de influir en la resolución que deba dictarse en el mismo.

ID.—PODER DEL TRIBUNAL SUPREMO.—En procedimientos de desacato, la Corte Suprema, atendidas las circunstancias del caso concreto que decida, puede sobreseerlo y dejar de imponer castigo alguno al acusado.

Los hechos están expresados en la opinión.

Abogado de El Pueblo: *Sr. Charles E. Foote, Fiscal.*

El acusado compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Pendiente de resolución en esta Corte Suprema el recurso establecido en el caso de *El Pueblo* v. *Vilar* por delito contra la honestidad y moral pública, consistente en la publicación en un periódico editado en Caguas de ciertos artículos obscenos, Manuel F. Rojas envió en sobre dirigido "Al Hon. Juez Presidente de la Suprema Corte de Puerto Rico, San Juan, P. R." una carta que dice así:

"San Juan, P. R., octubre 22, 1911. Al Hon. Juez de la Suprema Corte de Puerto Rico, San Juan, P. R. Hon. señor: Con el debido respeto y con la sola intención de facilitar a esa Hon. Corte los datos precisos que permitan una exacta ilustración a la misma sobre el caso de apelación interpuesta ante ese alto tribunal, sobre sentencia dictada contra el humilde obrero Juan Vilar de la ciudad de Caguas, P. R., remito a V. H. las ediciones de los periódicos 'El Motín' y 'La Voz del Cantero,' en los cuales aparece la publicación de un suceso ocurrido en el Convento de Santa Isabel de Gracia, en Barcelona, España; y por cuya reproducción en 'Voz Humana,' periódico que se editaba en Caguas, P. R., fué denunciado Juan Vilar, como supuesto autor de un delito contra la moral pública.

"El abogado defensor del acusado Juan Vilar, no ha tenido oportunidad para agregar a su defensa el texto de las publicaciones que aparecen en los periódicos ya mencionados y de los cuales se hizo la reproducción que dió margen al proceso de Vilar.

"Interesados por que la justicia sea impartida con entera imparcialidad y con pleno conocimiento de los motivos del proceso, le adjunto las referidas ediciones que V. H. puede retener en su poder para el mejor uso y para los fines de un fallo justo en el caso de la apelación sobre sentencia impuesta a Juan Vilar.

"Sin otro asunto que me obligue a molestar su honorable atención, permanezco, respetuosamente vuestro, Manuel F. Rojas, Secretario Unión Obrera Central."

La carta transcrita y los periódicos acompañados se pasaron al Fiscal de esta Corte Suprema, que inició en 6 de noviembre actual este procedimiento por desacato presentando una acusación en debida forma. Citado el acusado Rojas para que alegara las razones que tuviera para que no se le castigara, compareció en el día señalado al efecto y alegó que desconocía la ley de desacato y el Reglamento del Su-

premo y que sólo así podía explicar que hubiera podido ofender a esta corte que le inspiraba el más profundo respeto. El Fiscal compareció también en dicho día y sostuvo su acusación, quedando el caso concluso para sentencia.

Lo hemos estudiado cuidadosamente y opinamos que puede y debe concluirse que existe el delito perseguido, pero que dada la naturaleza del mismo y las circunstancias que concurren, usando de la facultad que en tales casos tenemos, no debemos imponer pena de multa o prisión al acusado.

Debemos sí establecer bien claramente que así en los casos criminales como en los pleitos civiles, sólo a las partes corresponde intervenir. Para que los tribunales de justicia inspiren confianza a la comunidad, es necesario que ésta esté convencida de que las causas y pleitos se tramitan de acuerdo con la ley, ofreciéndose iguales oportunidades a todas las partes y sin que intereses extraños puedan gestionar o influir en lo más mínimo.

El acusado Rojas no era parte en la causa de *El Pueblo* v. *Vilar* y no tenía en tal virtud derecho alguno a intervenir en la misma y al hacerlo tratando de influir en el ánimo de esta corte para que se dictara una resolución favorable al condenado, violó los principios substanciales de la ley que establece iguales oportunidades para todas las partes realmente interesadas.

Además, la forma en que se dirigió el acusado Rojas a esta Corte constituye una infracción a la regla 93 de su Reglamento; regla que se inspira en el principio de justicia que dejamos establecido y que copiada a la letra dice así:

"Ningún abogado, litigante o cualquier otra persona dirigirá carta alguna a los jueces de esta corte con referencia a cualquier caso civil o criminal que ante la misma penda; debiendo entregarse al secretario todas las comunicaciones, escritos, alegatos o argumentos escritos o impresos, que se dirijan al Tribunal o a alguno de los jueces del mismo, cuyos documentos serán presentados a la corte a su debido tiempo, según prescribe este reglamento."

Habiendo en consideración todo lo expuesto, aceptando

como sinceras las manifestaciones del acusado en el acto de
la comparecencia y usando del poder discrecional que tenemos
en casos de esta naturaleza, opinamos que debemos sobreseer
el procedimiento sin imponer castigo de multa o prisión al
acusado.

*Sobreseído el procedimiento.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf y Aldrey.

Juez disidente: Sr. MacLeary.

VOTO PARTICULAR DEL JUEZ ASOCIADO SR. MACLEARY.

No puedo estar de acuerdo con la sentencia dictada por
este tribunal en el presente caso el día 29 de noviembre último,
y expresaré brevemente las razones que tengo para disentir.
El procesado Rojas ha confesado ser culpable de un desacato
a esta corte. Esto él mismo lo reconoce y cada uno de los
jueces del tribunal está conforme con esa manifestación. El
día 22 de octubre último él envió por correo a esta corte, por
conducto del Juez Presidente, una carta incluyendo en ella
dos periódicos de España en donde aparecen dos publica-
ciones obscenas. Trata en su carta de influir en la decisión
de este tribunal en un caso criminal que entonces estaba pen-
diente de resolución, infringiendo así la regla No. 93, de esta
corte, y en contravención con la ley. A la vez infringió el Es-
tatuto Federal remitiendo por correo materias obscenas; pero
con ese delito nada tenemos que ver.

Se expidió un mandamiento para que mostrara causa e
hiciera su contestación por escrito, a lo que no dió cumpli-
miento.

Cuando el acusado deja de contestar y mostrar bajo jura-
mento las razones que tiene para no ser castigado por desa-
cato, habiendo la corte declarado que el acto constituía un
desacato, no podía adoptar ninguna otra resolución que la
de castigarlo. Su rebeldía impedía que nadie en su defensa
pudiera formular ninguna excusa. (*Wartman* v. *Wartman*,

Tancy U. S. Dec., 369; *Carter* v. *Commonwealth,* 96 Va., 791; 45 L. R. A., 310.)

Si hubiera comparecido ante la corte y presentado su contestación, confesando su culpabilidad, negando haber tenido malicia, alegando su ignorancia, y solicitando clemencia, ésta hubiera podido concedérsele debidamente al procesado; pero no habiéndolo hecho así, no hay razón alguna, a mi juicio, para no habérsele multado por lo menos con una pequeña multa.

La cuestión es tan insignificante que no es necesario la imposición de una multa crecida; pero es un precedente muy peligroso optar por la completa absolución del acusado. Por iguales sentimientos de clemencia se permitió a otro acusado de haber cometido un desacato, no ser castigado por la justicia en el año 1905. Su caso está anotado en 9 P. R. R., pp. 135-165, al que se hace referencia, puesto que la opinión de la corte en aquel caso fué la única autoridad para la notable decisión rendida en el presente caso. Las consideraciones que hice sobre la cuestión y que están expresadas en la opinión disidente emitida en aquel caso, servirán de argumento y son las razones que tengo para disentir en este caso. En aquella opinión tuve ocasión de citar muchas autoridades sintiendo encontrar que no se han tomado en consideración en Puerto Rico. Citaré un párrafo de aquel caso, que es especialmente aplicable al presente:

"Así como el tribunal no tiene el poder de castigar un desacato simplemente para satisfacer un sentimiento personal de indignación o resentimiento, si es que pudiera hallarse un juez que fuera tan vil, que desease hacerlo así, el Tribunal no tiene el derecho, en vista de la ley, y de su deber judicial, de perdonar un delito de esta índole, por una equivocada idea de generosidad, compasión o benevolencia. Es exactamente tan obligatorio para los tribunales castigar desacatos, cuando resulten probados antes los mismos, como lo es el aplicar la ley con respecto a robos o incendios intencionales, o cualquier otro crimen nefando. Puede que sea un deber más duro, pero no debe ser esquivado por esa razón. Cuánto más arduo sea un deber, tanto más cuidadosa debe ser una persona para cumplirlo completa y escrupulosamente. Yo

no pretendo sentar reglas para que las sigan otros jueces, al consignar simplemente mis ideas sobre cuestiones que surjen en el curso de los asuntos, conforme éstos se presentan para mi propia consideración. Todo hombre debe seguir la senda del deber, tal como la vea trazada delante de sí. Mi camino es claro.''

Aun después de un período de seis años todavía sostengo igual opinión. Rojas no tenía excusas y debió haber sido castigado.